48 F.3d 1215
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 ASBESTOS REMOVAL CORPORATION OF AMERICA, INCORPORATED,
Plaintiff-Appellant,
v.
GUARANTY NATIONAL INSURANCE COMPANY; The Aetna Casualty and
Surety Company; Industrial Indemnity Company;
Insurance Company of North America,
Defendants-Appellees.
 No. 94-1192.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1994.
Decided March 2, 1995.
 
 ARGUED: Louis Fireison, Bethesda, MD, for Appellant. James E. Rocap, III, MILLER, CASSIDY, LARROCA & LEWIN, Washington, DC; Randolph Harrison Watts, WATTS & AMOLE, Alexandria, VA; Randell Hunt Norton, THOMPSON, O'DONNELL, MARKHAM, NORTON & HANNON, Washington, DC, for Appellees. ON BRIEF: Daniel J. Blum, Bethesda, MD, for Appellant. Michael J. Barta, MILLER, CASSIDY, LARROCA & LEWIN, Washington, DC, for Appellee Aetna Casualty; Clifton S. Elgarten, Kathryn D. Kirmayer, David L. Batty, CROWELL & MORING, Washington, DC, for Appellee Insurance Company of North America.
 Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Asbestos Removal Corporation of America, Inc. (ARCA), appeals a summary judgment determination that Appellee insurance companies had no duty to defend or indemnify ARCA in a separate action for contribution under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. Sec. 9601, et seq. (CERCLA), for the cleanup of a contaminated site in West Virginia. Appellees issued comprehensive general liability (CGL) policies to ARCA providing coverage anywhere in the United States. The CGL policies were issued in New York and Missouri and contained standard "pollution exclusion" provisions. ARCA argues that the law of West Virginia, the state in which the insurance contracts were to be performed, should apply to require coverage or, in the alternative, that the doctrine of "renvoi" or "transmission" allows the application of West Virginia law.
 
 
 2
 We conclude that the district court correctly applied Virginia choice of law rules and determined that the law of the state in which the insurance contracts were written and delivered applied to their coverage. The district court further noted that no Virginia case has ever applied the doctrine of renvoi. Thus, the district court, applying New York and Missouri law, concluded that the pollution exclusion provisions preclude coverage for cleanup at the West Virginia site.* The court therefore granted Appellees' motion for summary judgment. ARCA appeals, contending that West Virginia law should apply.
 
 
 3
 Upon consideration of the record, briefs, and oral argument, we affirm for reasons adequately stated by the district court in its memorandum opinion, Asbestos Removal Corp. of America v. Guaranty National Ins. Co., 846 F.Supp. 33, 34-35 (E.D. Va.1994).
 
 AFFIRMED
 
 
 *
 Although the court cited no New York or Missouri cases to support its determination, ARCA does not argue on appeal that New York or Missouri law would allow coverage under the pollution exclusion clauses, and thus it concedes that coverage under the CGL policies is excluded if West Virginia law does not apply